IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ViMedicus, Inc. | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) Civil Action No. _____ <br> ) |
| ViCare Health Inc. | ) <br> ) |
| Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED STATE AND COMMON LAW CLAIMS**

ViMedicus, Inc. ("Plaintiff" or "ViMedicus"), by and through its undersigned counsel, brings this action for trademark infringement, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and related state law and common law claims, as a result of Defendant ViCare Health Inc.'s ("Defendant") refusal to acknowledge and cease use of Plaintiff's valuable and federally registered VICARE trademark and service mark, which is causing consumer confusion and immediate and irreparable harm to Plaintiff's VICARE brand.

## INTRODUCTION

Plaintiff is an industry leader in offering solutions that reduce healthcare costs for self-insured employers and individuals by providing healthcare planning and coaching programs that enable lifestyle change and sustainably relieve behavioral issues. Plaintiff has been offering its personal and professional coaching services and related software services to U.S. consumers under its ViCare trademark and service mark since at least as early as August of 2017. Through its ViCare program, Plaintiff has successfully combined primary care services with intensive coaching to provide a solution to numerous customers, with over 25,000 eligible lives across 45 states, that reduces insurance premiums, employee medical claims, and overall healthcare costs, boosts employee productivity levels, and improves overall health and well-being of its customers.

Long after Plaintiff established extensive common law trademark and service mark rights in ViCare and obtained a federal trademark registration for its VICARE mark for healthcare services and related software, Defendant adopted and began using the trade name and service mark that fully incorporates and blatantly replicates Plaintiff's ViCare mark.

| Plaintiff's Use of ViCare: | Defendant's Use of ViCare: |
|---|---|



Further, on August 15, 2024, with both constructive and actual knowledge of Plaintiff's prior rights in the VICARE mark, Defendant applied to register the trademark VICAREHEALTH, U.S Application Serial No. 98/700,042 (the "VICAREHEALTH application") for:

"Health care cost containment; Health care cost review; Health care utilization and review services; Healthcare management service organization (MSO) services, namely, providing practice organization, management and administrative support services to individual physicians or small group practices; Arranging of managed care contractual services in the fields of diagnostic imaging, home health care, durable medical equipment, specialty pharmacy, and diagnostic lab services; Billing services in the field of healthcare; Business management and consulting services for the health care industry, namely, customer service, accounting services, and marketing services; Business management and consulting services for the health care industry, namely, customer service, accounting services, and web-based advertising and marketing services; Business administration services in the field of healthcare; Business and management consulting for healthcare providers and related businesses; Business services provided to a network of health care providers, namely, the negotiation and execution of contracts with health care payors; Business services provided to the healthcare industry, namely, the collection, reporting, and analysis of healthcare quality data for business purposes; Business services, namely, independent medical

3

management services for self-funded major medical health plans; Collecting and analyzing claims data from healthcare organizations for business purposes; Consulting in the fields of healthcare operations management and hospital operations management; Consulting services in the cost management of health care; Cost management for the health benefit plans of others; Cost management for the health care benefit plans of others; Data processing services in the field of healthcare; Electronic data collection and data submission services for business purposes in the fields of medicine and healthcare; Managed care services, namely, electronic processing of health care information; Management of health care clinics for others; Promoting collaboration within the scientific, research and medical communities to achieve advances in the field of healthcare; Promoting the exchange of information and resources within the scientific research and medical communities to achieve advances in the field of healthcare; Providing an on-line computer web site that lists healthcare personnel and other individuals who have taken and passed courses and field workshops in order to provide a listing of qualified individuals that can effectively respond to a natural or manmade disaster or act of terrorism; Providing reimbursement benchmarking information and other market intelligence to healthcare organizations; Vendor management services for healthcare facilities; Vendor management services for healthcare" in International Class 35 ("Defendant's Services") Exhibit A.

The VICAREHEALTH application's alleged date of first use in commerce is March 1, 2024, nearly seven (7) years after Plaintiff's first use of its VICARE mark.

Approximately one year prior to filing its VICAREHEALTH application, Defendant applied to register the identical mark, VICAREHEALTH, U.S Application Serial No. 98/177,183 (the "First VICAREHEALTH application"). The First VICAREHEALTH application was subsequently abandoned by the Defendant for failing to timely respond to an office action from the United States Patent and Trademark Office ("USPTO") in which the Examining Attorney refused registration,

4

in part, based on Plaintiff's prior rights in and registration for its VICARE mark. Exhibit B.

Despite the constructive and actual notice of Plaintiff's rights in its VICARE mark, Defendant commenced use of and has continued to promote Defendant's Services under an identical VICARE and/or nearly identical VICAREHEALTH mark forcing Plaintiff to bring this action to put an end to Defendant's unlawful use of its VICARE mark, and thereby protect consumers and the valuable goodwill and business reputation associated with Plaintiff's VICARE mark.

## THE PARTIES

1.  Plaintiff ViMedicus, Inc. is a Delaware corporation with its place of business at 555 Skokie Blvd., Suite 500 Northbrook, IL 60062.

2.  Upon information and belief, Defendant ViCare Health Inc. is a Texas corporation with a principal place of business at 4419 Dusty Meadow Lane, Sugar Land, Texas 77459.

3.  Upon information and belief, Defendant offers health care related services to consumers in Texas and elsewhere in the United States, as articulated by Defendant on the website https://www.vicarehealth.net/. Exhibit C.

4.  Plaintiff is not affiliated with Defendant nor has Plaintiff ever granted Defendant authorization to use its federally registered VICARE mark.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this action pursuant to 15 U.S.C. §§ 1121 and 1114; and other state law violations as set forth below. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction over state law claims under § 1367.

6. The exercise of personal jurisdiction by the Court over the Defendant is appropriate because Defendant has sufficient minimum contacts with the State of Texas. Defendant is incorporated in Texas and has a principal place of business within the State of Texas, thereby purposefully availing the company of the benefits of this jurisdiction.

7. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c). Defendant markets and offers its services in interstate commerce and within the Southern District of Texas under the ViCare Health Inc. trade name and VICARE and VICAREHEALTH service marks, and the federal courts in this jurisdiction have personal jurisdiction over Defendant related to Plaintiff's claims.

8. Defendant has purposefully availed itself of the benefits of doing business in Texas by transacting business with customers in Texas. In undertaking these deliberate acts, including all facts and allegations set forth below, which are incorporated herein by reference, Defendant had fair warning and could reasonably anticipate that they could be called before a federal district court in Texas.

**PLAINTIFF AND ITS SENIOR RIGHTS IN THE MARK VICARE**

9. Founded in 2010, Plaintiff endeavored to design and offer an alternative healthcare solution for self-insured employers and individuals to help reduce healthcare costs and improve individuals' overall health and well-being. After significant time and investments, in August of 2017 Plaintiff introduced ViCare, a healthcare program created by Plaintiff that focuses on enabling lifestyle changes and prioritizes sustainable treatment options for employees and individuals.

10. Plaintiff's VICARE mark is inherently distinctive. In addition, through its substantially exclusive, extensive, and continuous use of its VICARE mark throughout the United States, Plaintiff's VICARE mark has acquired distinctiveness. Plaintiff has well-established and long-standing common law rights in that consumers recognize Plaintiff as the source of healthcare services being offered in connection with the VICARE mark. Evidence of Plaintiff's use of its VICARE mark, including the unique capitalization of the letters, e.g., ViCARE® can be seen on Plaintiff's website at the domain <https://vicarehealth.com/>, which domain was registered by Plaintiff on April 29, 2015. Exhibit D.

11. In addition to Plaintiff's common law rights, Plaintiff owns U.S. Trademark Registration No. 5,584,524 for the mark VICARE for "Downloadable software in the field of personal healthcare planning and behavioral coaching related

7

thereto, namely, software for electronic medical record creation, management, access and viewing, for communication via electronic transmission of messages, via instant messaging, via telephone, and via secure video all through a computer, for remote monitoring of personal health data for treatment, and for scheduling medical appointments, all for use by patients and their health care service providers and coaches" in International Class 9 and "personal and professional coaching services in the field of personal health" in International Class 41, registered on October 16, 2018. ("Plaintiff's VICARE Registration") Exhibit E.

12. Plaintiff uses Plaintiff's VICARE mark in the promotion of its business, including on and in connection with its personal and professional healthcare planning and behavioral coaching services and related software. Plaintiff has invested a significant amount of money in advertising and promoting its healthcare program and related software under its VICARE mark, thus developing significant goodwill and establishing VICARE as a symbol of high-quality care and reliable service.

13. Plaintiff's use of its VICARE mark in the State of Texas and throughout the United States predates Defendant's infringing acts complained of herein.

## DEFENDANT'S INFRINGING ACTIVITIES

14. Long after Plaintiff established rights in its VICARE mark and without the express or implied consent of the Plaintiff, Defendant incorporated a business

8

under the trade name ViCare Health, Inc. that appears to be using the marks, VICARE and VICAREHEALTH in connection with health care services as seen on Defendant's website at the domain <https://www.vicarehealth.net/>. Defendant's website prominently displays a VICARE HEALTH logo and shows use of "ViCare" with identical capitalization to that of Plaintiff's,  . Defendant's use of the VICARHEALTH mark on its website clearly emphasizes the term VICARE. Exhibit C.

15. According to Defendant's website, its services are described as "At ViCare Health, we work alongside compassionate medical professionals who are dedicated to delivering exceptional healthcare. With their extensive experience in teamwork, communication, and coordination with specialists, hospitals, and other providers, our providers ensure that patients receive the highest quality care possible." See, Exhibit C at p. 4. Further information on the About Us page states, "As the healthcare industry shifts towards a value-based model, ViCare Health is committed to improving the patient experience, population health, and cost of care – otherwise known as the Triple Aim. Our mission is to provide a top-notch

healthcare experience for both providers and patients through the use of technology, cost control, and quality care." See, Exhibit C at p. 8.

16. At no time did Plaintiff authorize, license, or otherwise permit the Defendant to use and/or display an identical or nearly identical VICARE mark.

17. On information and belief, Defendant's Services are identical or at least clearly overlapping with Plaintiff's healthcare and related software services that are offered under Plaintiff's VICARE mark.

18. On information and belief, the channels of trade through which Plaintiff's and Defendant's services travel are identical or virtually identical.

19. On October 11, 2024, Plaintiff wrote to Defendant detailing Plaintiff's rights in and to its VICARE mark, and demanding that Defendant cease use of the same. Defendant, through its counsel, refused to comply. Exhibit F.

20. Defendant's refusal to acknowledge Plaintiffs trademark rights and continued use of VICARE with actual and constructive knowledge of Plaintiff's prior rights in and to the VICARE mark in connection with identical/nearly identical services is highly likely to cause confusion in the marketplace as to source, origin, sponsorship and/or affiliation with Plaintiff and Plaintiff's good and services.

21. Indeed, actual confusion has already occurred as a result of Defendant's unauthorized use of Plaintiff's VICARE mark. For instance, on more than one

occasion Plaintiff received calls from Medicare related service providers seeking to speak with the Defendant regarding billing issues.

22.     Upon information and belief, and with actual and constructive knowledge of Plaintiff's prior rights in and to the VICARE mark, Defendant adopted, used and continues to use the VICARE mark with the intent to trade on and/or capitalize on the goodwill symbolized by Plaintiff's VICARE mark.

23.     Defendant has used and continues to use the VICARE mark to promote its services in commerce in direct violation of Plaintiffs' rights in and to the VICARE mark, despite Plaintiff's objection to the same.

24.     In light of Defendant's actual and constructive notice of Plaintiff's rights in and to the VICARE mark, Defendant's actions are willful, deliberate, and specifically calculated to trade off of the reputation and goodwill associated with the VICARE mark.

25.     Defendant's past and ongoing use of the VICARE mark, which is identical or substantially indistinguishable from Plaintiff's federally registered VICARE mark, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law; and, unless Defendant is restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Plaintiff by continuing to damage the goodwill associated with the VICARE trademark, as well as Plaintiff's business reputation.

26. Defendant's past and ongoing use of the VICARE and/or VICAREHEALTH marks, which are identical to or substantially indistinguishable from Plaintiff's VICARE mark, is likely to continue to mislead, deceive, and/or confuse the purchasing public as to the source of Defendant's Services, or as an affiliation or sponsorship between Plaintiff's and Defendant's services.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

27. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 26 as though fully set forth herein.

28. Defendant's acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29. Plaintiff is the rightful owner of Plaintiff's VICARE Registration, which constitutes proof of Plaintiff's valid, exclusive rights and its entitlement to protection under the Lanham Act.

30. Defendant has used, and continues to use, Plaintiff's VICARE mark in United States commerce in connection with the Defendant's Services which are the same as, or at least highly related and overlapping with the healthcare services and related software covered by Plaintiff's VICARE Registration.

31. Defendant's unauthorized use of Plaintiff's VICARE mark is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of

12

Defendant's Services by Plaintiff, or as to the affiliation, connection or association between Plaintiff and Defendant.

32. The consuming public and the trade are likely to believe that Defendant's Services originate with Plaintiff; are licensed, sponsored or approved by Plaintiff; or are in some way connected with or related to Plaintiff, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33. Defendant has used Plaintiff's VICARE mark, and is continuing to use Plaintiff's VICARE mark, with full knowledge of Plaintiff's prior rights. Defendant's continued use of Plaintiff's VICARE mark constitutes intentional, malicious and willful infringement of Plaintiff's rights and entitles Plaintiff to enhanced, exceptional damages.

34. These infringing acts have occurred in interstate commerce and have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION

35. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 34 as though fully set forth herein.

36. Defendant's acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendant's unauthorized use in interstate commerce of Plaintiff's VICARE mark is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Services, in violation of Section 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A).

38. These acts have occurred in interstate commerce and have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT III
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER TEXAS COMMON LAW

39. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 38 as though fully set forth herein.

40. Defendant's acts constitute trademark infringement and unfair competition under the common law of the State of Texas. As a result of the infringement and unfair competition by Defendant, Plaintiff has suffered and will continue to suffer injury and damage in an amount yet to be determined.

41. Defendant's intentional, unauthorized use of Plaintiff's VICARE mark has resulted in unjust profits and unjust enrichment on the part of Defendant in an amount yet to be determined. Such acts of trademark infringement and unfair competition violate Texas common law and have caused great harm to Plaintiff, for

14

which Plaintiff is entitled to recover any and all remedies provided by Texas common law.

42. The ongoing acts of Defendant are jeopardizing the goodwill of Plaintiff and its valuable VICARE mark, and will continue to cause irreparable injury to Plaintiff and to the consuming public. Such acts of Defendant have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law. Moreover, Plaintiff seeks punitive damages and enhanced damages for Defendant's willful conduct.

## COUNT IV
## INJURY TO BUSINESS REPUTATION UNDER TEXAS BUSINESS AND COMMERCE CODE §16.29

43. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 42 as though fully set forth herein.

44. Defendant's infringing acts have and will continue to destroy the goodwill and reputation established by Plaintiff in connection with its VICARE mark, thereby causing it irreparable harm.

45. Defendant's unauthorized use of Plaintiff's mark constitutes injury to Plaintiff's business reputation in violation of § 16.29 of the Texas Business and Commerce Code.

46. Upon information and belief, Defendant has been unjustly enriched from its wrongful and infringing acts.

47. Defendant's acts have been willful and deliberate, justifying an award of attorneys' fees.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff asks for judgment against Defendant as follows:

1. Judgment on all counts in favor of Plaintiff.

2. That Defendant and its officers, agents, servants, employees, attorneys and all those in active concert with them, be preliminarily and permanently enjoined from all further unauthorized use of Plaintiff's VICARE mark, or any confusingly similar mark, by any means or method.

3. That, pursuant to 15 U.S.C. § 1118, Defendant must deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in custody or under the control of Defendant that bear the VICARE mark.

4. That, pursuant to 15 U.S.C. § 1125(d), order the transfer of the domain <vicarehealth.net> to Plaintiff.

5. That, pursuant to 15 U.S.C. § 1117, including as an "exceptional case" under 15 U.S.C. § 1117(a) (calling for treble damages), Plaintiff be awarded monetary relief for Defendant's trademark infringement, including (a) all profits received by Defendant from sales of its services under the VICARE mark, less only proven elements of cost or deduction; (b) all damages sustained by Plaintiff as a result of Defendant's actions; and (c) the costs of this action. Given the circumstances of the case, Plaintiff requests that said profits/damages be trebled.

6. That, pursuant to 15 U.S.C. §1116, Defendant be ordered to file with this Court and serve on Plaintiffs within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the Order.

7. That the Court declares that Defendant's infringement is willful.

8. That the Court declares that Defendant committed acts of unfair competition and deceptive business and trade practices under Texas common and statutory law.

9. That Plaintiff be awarded pre-judgment interest on all damages awarded by the Court.

10. That, given the exceptional nature of this case, Plaintiff be awarded its reasonable attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

11. That Plaintiff be awarded any and all such other and further relief as this Court shall deem just and proper.

Dated: January 13, 2025

Respectfully submitted,

/s/ Yocel Alonso
*Of Counsel*
Yocel Alonso
yocel@alonsolaw.com
TX Bar No. 01109100
SDTX No. 3325
ALONSO, P.L.L.C.
P.O. Box 45
Sugar Land, TX 77487
T: (281) 240-1492

/s/ Richard B. Biagi
Richard B. Biagi (admission pending)
Attorney-in-Charge
Nicholas G. de la Torre (*pro hac vice* pending)
Michelle Tourtillott (*pro hac vice* pending)
Neal & McDevitt LLC
2801 Lakeside Drive,
Suite 201
Bannockburn, IL 60015
docketing@nealmcdevitt.com

*Attorneys for ViMedicus, Inc.*